ALEXANDER M. DUDELSON, ESQ. (AD4809)
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100
(718) 624-9552 Fax
adesq@aol.com

FILED
CLERK

2015 APR -8 AM 11: 30

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 15    1916

------------------------------------------------------------X
TONI ROSEBORO,

                Plaintiff,

   -against-

THE CITY OF NEW YORK, POLICE OFFICER
RONALD REYNOLDS and POLICE OFFICERS
"JOHN DOES 1-10," FICTITIOUS NAMES INTENDED
TO BE POLICE OFFICERS AND EMPLOYEES OF THE
NEW YORK CITY POLICE DEPARTMENT, EACH
INDIVIDUALLY AND AS POLICE OFFICERS OF THE
NEW YORK CITY POLICE DEPARTMENT,

                Defendants.
------------------------------------------------------------X

Case No.:

COMPLAINT AND
JURY DEMAND



WEINSTEIN, J.

POHORELSKY, M.J.

Plaintiff, TONI ROSEBORO, by and through her attorney, ALEXANDER M. DUDELSON, ESQ., states as follows:

INTRODUCTION

1.    This is an action for the wrongful acts of Defendants THE CITY OF NEW YORK. POLICE OFFICE POLICE OFFICERS "JOHN DOES 1-10," FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS AND EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT, EACH INDIVIDUALLY AND AS POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, in violation of Plaintiff's rights secured by 42

U.S.C. Section 1983 and the constitution and laws of the State of New York and the United States.

2. Plaintiff, TONI ROSEBORO, alleges that beginning on or about January 22, 2013, Defendants committed wrongful and illegal acts against Plaintiff, including falsely arresting Plaintiff, wrongly imprisoning Plaintiff, wrongfully searching the Plaintiff, maliciously prosecuting Plaintiff and negligence in the hiring and retaining of incompetent and unfit officers, negligence in the training, instruction and supervision of its officers, and violating Plaintiff's Constitutional and civil rights.

## JURISDICTION

3. This action is brought under 42 U.S.C section 1983 in conjunction with the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and the Constitutional, statutory and common laws of New York State.

4. Jurisdiction is invoked herein pursuant to the aforementioned statutory and Constitutional provisions pursuant to 28 U.S.C. Section 1331 and 1343, this being an action seeking to redress from the violation of the Plaintiff's Constitutional and civil rights.

5. Venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. Section 1391(b) in that the incident arose in the Eastern District of New York.

6. Plaintiff demands a trial by jury on each and every one of his claims and pled herein.

## PARTIES

7. At all times relevant hereto, Plaintiff was and is a domiciliary of the United States residing of Kings County, in the City and State of New York.

8. At all times relevant hereto, Defendant THE CITY OF NEW YORK was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

9. At all times relevant hereto, defendant POLICE OFFICER RONALD REYNOLDS was at all times relevant to this action, an officer employed by the New York City Police Department, and acting under the color of the law. Upon information and belief POLICE OFFICER RONALD REYNOLDS was assigned to the Narcotics Bureau Brooklyn North Unit of the New York City Police Department, at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

10. Defendant POLICE OFFICERS "JOHN DOES 1-10," FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS AND EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT INDIVIDUALLY AND AS A POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, were at all times relevant to this action, police officers employed by the New York City Police Department, and acting under the color of state law. Upon information and belief, POLICE OFFICERS "JOHN DOES 1-10," FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS AND EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT INDIVIDUALLY AND AS A POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT were assigned to the Narcotics Bureau Brooklyn North Unit of the New York City Police Department, at the time of the occurrences alleged in this complaint. They are being sued in both his individual and official capacities.

11. At all times relevant hereto and in all their actions described herein, Defendants were acting under the color of the statutes, ordinances, regulations, policies, customs and usages of the New York City Police Department, and New York City, pursuant to their authority as

17. In January 22, 2013, at or between 5:30 and 6:00 p.m., Plaintiff was lawfully present inside 542 Williams Avenue, Brooklyn, New York when Defendants knocked on the door.

18. That Plaintiff answered the door and the Defendants rushed into the premises.

19. The Defendants were not invited into the premises nor was their entry consented to by the Plaintiff, or any other individual authorized to so consent.

20. There were no exigent circumstances present that would permit the defendants to enter the premises absent a warrant or invitation.

21. The Defendants did not display a warrant to justify their entry into the premises and refused to produce one after the Plaintiff asked and Meleney Eley, the landlord, asked.

22. Plaintiff, and two others, were seized and handcuffed, and were detained for a period of time in the premises.

23. Plaintiff was ultimately transported to a local area NYPD station house and then, after a period of many hours, was taken to Kings County Central Booking.

24. While Plaintiff was in the Defendants' custody, Defendant POLICE OFFICER RONALD REYNOLDS completed arrest paperwork in which he alleged that he personally witnessed Plaintiff and others in the premises sitting and that one-eighth of an ounce of cocaine was on a coffee table in plain view.

25. These allegations were false and Defendant POLICE OFFICER RONALD REYNOLDS knew the statements to be false at the time that they were made.

26. Defendant POLICE OFFICER RONALD REYNOLDS forwarded these false allegations to the Kings County District Attorney's office ("KCDA") in order to justify the arrest and to persuade the KCDA to commence the Plaintiff's criminal prosecution.

27.     Defendant POLICE OFFICER RONALD REYNOLDS knew and understood that the KCDA, in evaluating whether to commence a criminal prosecution against the Plaintiff, were relying on the truthfulness of his claims and statements, and assumed that all of these factual statements and claims were truthful in all respects.

28.     Defendant POLICE OFFICER RONALD REYNOLDS further knew and understood that he was obligated to provide any and all exculpatory information to the KCDA and that he was expected to turn over to or otherwise provide the KCDA with all material information concerning the arrest, regardless of whether it was inculpatory or exculpatory.

29.     The Plaintiff appeared in Court for her arraignment on January 23, 2013.

30.     The Plaintiff appeared in Court on several other occasions until the proceeding was dismissed on July 26, 2013.

31.     At no time did Defendants have probable cause to seize, detain or arrest Plaintiff, nor was it reasonable for the Defendants to believe that such cause existed.

32.     Despite the absence of probable cause and lack of evidence of criminal conduct by the Plaintiff, the Defendants proceeded with her arrest, and did so to increase the arrest statistics for their unit, and justify the search warrant application and execution.

33.     At no time did any of the Defendants, or any other member of the NYPD, take any steps to intervene in, prevent, or otherwise limit the heretofore conduct engaged in by their fellow officers.

34.     The Defendants actions in this matter were carried out in accordance with an existing plan or policy created or otherwise condoned by the municipal defendant designed to increase the number of arrests made without regard to probable cause.

35. More precisely, under this policy or plan, officers within the Narcotics Division would secure warrants to search apartments, social clubs, and other locations, and, if any contraband was found, routinely arrest all persons found therein, regardless of whether there was any factual basis for the charges. The arresting officer(s) would then make false statements of fact as to seeing narcotics in plain view or otherwise in the possession of each of the persons arrested.

36. The purpose of this policy or plan was to generate large numbers of arrests to help the NYPD create a false impression of positive activity by their officers.

37. In addition, members of the Narcotics Division are evaluated, at least in part, on the basis of their "activity" which is measured by the number of arrests made, search warrants secured, and other, similar criteria. Thus, members of the Narcotics Division routinely make arrests and engage in other police activity without sufficient legal cause in order to raise their levels of "activity" and improve the perception of their job performance.

38. The policy or plan kept in effect from, at least, 2006 through, at least, the date of plaintiff's arrest, despite the municipal Defendant's knowledge that the individuals arrested were not being charged or that there was insufficient evidence to justify the arrests or that the arresting officers were seeking to bolster the arrests with false allegations, and that the prosecuting offices often had found insufficient cause to justify the imposition of charges or continued prosecution if charges were filed.

39. That at all relevant herein, the Defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

40. As a direct and proximate result of the action of the Defendants POLICE OFFICER RONALD REYNOLDS. Plaintiff TONI ROSEBORO suffered severe emotional distress.

41. As a direct and proximate result of the actions of the Defendant Police Officers, Plaintiff TONI ROSEBORO was falsely arrested without justification for the aforementioned charges, all of which Plaintiff is wholly innocent of, in addition to causing the Plaintiff to be imprisoned.

42. Defendant POLICE OFFICER RONALD REYNOLDS acted with malice in arresting Plaintiff TONI ROSEBORO on false charges and causing the Plaintiff to be prosecuted on charges the Defendants know to be false.

43. Defendant POLICE OFFICER RONALD REYNOLDS brought charges against Plaintiff TONI ROSEBORO and purposely misused their Police powers and the courts to arrest, harass, intimidate, imprison and prosecute Plaintiff for criminal charges in an effort to immunize themselves for their unlawful, unconstitutional arrest of Plaintiff.

44. To date, as a direct and proximate result of Defendants actions, Plaintiff TONI ROSEBORO has suffered the loss of her liberty, and continues to suffer physical and emotional pain, permanent damage to his good name, shame, degradation, humiliation, indignity, stress, loss of personal security and liberty, serious mental anguish, psychological and emotional distress, and various other physical and psychological injuries.

45. As a direct and proximate cause of Defendants actions, Plaintiff TYQUAN JACKSON was deprived of his rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to United States Constitution and the laws of the State of New York.

FIRST CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS:

### DEPRIVATION OF LIBERTY BY FALSE ARREST, MALICIOUS PROSECUTION AND FALSE IMPRISONMENT
### (POLICE OFFICERS RONALD REYNOLDS)

46. Plaintiff repeats and realleges the allegations contained in paragraphs 1-45 of this complaint as though fully set forth therein.

47. The actions of Defendant POLICE OFFICER RONALD REYNOLDS, acting under the color of state law, deprived Plaintiff of his rights, privileges and immunities under the laws of the Constitution of the United States of America and the State of New York, in particular, the rights to liberty, to be secure in his person and property, to due process under the law, and the concomitant rights to be free from false arrest, malicious prosecution, false imprisonment and the intentional and/or negligent infliction of emotional distress.

48. By these actions, Defendants deprived Plaintiff of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

49. As a result of the foregoing, Plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, suffered lost wages, and was otherwise harmed, damaged and injured.

### SECOND CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS: VIOLATION OF FOURTH AMENDMENT RIGHT AGAINST UNREASONABLE SEARCH AND SEIZURES
### (POLICE OFFICERS "JOHN DOES 1-10")

50. Plaintiff repeats and realleges the allegations contained in paragraphs 1-49 of this complaint as though fully set forth therein.

51. That Defendants had no reasonable suspicion that Plaintiff was concealing weapons or other contraband based on the crime charged, the particular characteristics of the Plaintiff, and/or the circumstances of the arrest.

52. The actions of Defendants POLICE OFFICERS "JOHN DOE 1-10," FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS AND EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT INDIVIDUALLY AND AS A POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, acting under the color of state law, deprived Plaintiff of his rights, privileges and immunities under the laws of the Constitution of the United States of America and the State of New York, in particular, the rights to liberty, to be secure in his person and property, to due process under the law, and the prohibition of unlawful searches and seizures..

53. By these actions, Defendants deprived Plaintiff of his rights secured by the Fourth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

### THIRD CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS
(Defendant CITY OF NEW YORK)

54. Plaintiff repeats and realleges the allegations contained in paragraphs 1-53 of this complaint and though fully set forth therein.

55. In October 2011, following a bench trial in New York State Supreme Court, Kings County, under indictment number 06314-2008, former NYPD narcotics officer Jason Arbeeny was convicted of planting drugs on two individuals and falsifying arrest reports. Before issuing a verdict of guilty, the trial judge scolded the NYPD for what he described as a "widespread culture of corruption endemic in its drug units." The judge further state that the testimony demonstrated that the NYPD narcotics division maintain "cowboy culture" and that he

was "shocked, not only by the seeming pervasive scope of misconduct but even more distressingly by the seeming casualness by which such conduct is employed."

56. Notwithstanding its awareness of the Narcotics Division's pattern of making unlawful arrests and then falsifying their records and testimony to justify and cover up this conduct, the NYPD made no effort to curb, limit, or otherwise prevent this misconduct from continuing.

57. Thus, the City of New York created, approved or condoned the practice and policy, as carried out by the Narcotics Bureau, of making wholesale arrests without probable cause in order to create false or misleading arrest numbers.

58. This policy has caused the constitutional violation of individual persons generally, and this Plaintiff in particular.

59. By reason thereof, the municipal Defendant has violated 42 U.S.C. § 1983 and caused Plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of her constitutional rights.

### FOURTH CLAIM: CONSPIRACY TO VIOLATE CIVIL RIGHTS
(All Defendants)

60. Plaintiff repeats and realleges the allegations contained in paragraphs 1-59 of this complaint and though fully set forth therein.

61. Defendants, under the color of the law, conspired with each other to undertake a course of conduct to injure, oppress, threaten, harass and intimidate Plaintiff, denying him free exercise and enjoyment of the rights, privileges and equal protection of the law secured to him by the Constitutions of the United States and the State of New York.

62. The aforementioned Defendants, under the color of the law, conspired with each other to undertake a course of conduct to bear false witness and/or to bear false testimony and/or to produce false evidence in an effort, in violation of Plaintiff's constitutional rights including the right to due process, to have Plaintiff maliciously prosecuted for crimes that he did not commit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TONI ROSEBORO requests the following relief jointly and severally as against all of the Defendants:

1. Award compensatory damages in an amount to be determined at trial;

2. Award punitive damages in an amount to be determined at trial;

3. Disbursements, costs and attorney's fees; and

4. For such other further relief that this court may deep just and proper under the circumstances.

## PLAINTIFF DEMANDS TRIAL BY JURY

Dated: Brooklyn, New York
April 7, 2015

_____
ALEXANDER M. DUDELSON, ESQ. (AD4809)
*Attorney for Plaintiff*
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100